SEALED

STATE OF OREGON )
) ss.    AFFIDAVIT OF REBECKA BROWN
COUNTY OF MULTNOMAH )

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Rebecka Brown, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.    I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed for approximately eleven years. I am currently assigned to the FBI Portland Field Office's Violent Crimes Against Children squad. As a federal law enforcement officer, I am authorized to investigate and make arrests for violations of federal law, and to apply for federal search warrants. I completed a 21-week course of instruction at the FBI Academy in Quantico, Virginia, which consisted of specialized training in investigating a range of criminal violations. I acquired knowledge and information about crimes from many sources, including formal and informal training, other law enforcement officers and investigators, informants, persons who I have interviewed, and my participation in numerous investigations. I have been empowered under Title 18, United States Code, Sections 3052 and 3053, and Rule 4 of the Federal Rules of Criminal Procedure, to conduct investigations and make arrests for federal criminal offenses, including violations of 18 U.S.C. § 231(a)(3) (civil disorder – obstruction of law enforcement); 18 U.S.C. § 231(a)(1) (civil disorder - incendiary device); 18 U.S.C. § 844(f)(1) (arson); 18 U.S.C. § 2101 (riot); and 18 U.S.C. § 371 (conspiracy).

2.    I submit this affidavit in support of a criminal complaint and arrest warrant for LAURIELLE YVETTE AVILES, for civil disorder in violation of 18 U.S.C. § 231(a)(3). As set forth below, there is probable cause to believe AVILES assaulted a public safety officer for the purpose of obstructing, impeding, or interfering in a violent manner with law enforcement

officers; that she did so knowingly and willfully; and that she did so during a civil disorder that

adversely affected interstate commerce.

## Applicable Law

3.       Title 18 U.S.C. § 231(a)(3) provides that "whoever commits or attempts to

commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer

lawfully engaged in the lawful performance of his official duties incident to an during the

commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects

commerce or the movement of any article or commodity in commerce . . . shall be fined under

this title or imprisoned not more than five years or both."  The term "civil disorder" means "any

public disturbance involving acts of violence by assemblages of three or more persons, which

causes an immediate danger of or results in damage or injury to the property or person of any

other individual."

## Statement of Probable Cause

4.       On Thursday, July 2, 2020, Portland Police Bureau (PPB) Officer #1 was serving

as a member of the PPB Rapid Response Team conducting crowd control duties in relation to a

declared riot in the vicinity of Multnomah County Justice Center and the Federal Courthouse in

Portland, Oregon.  A crowd, which was gathered in the vicinity of Third Street and Main Street,

broke out the windows at the Federal Courthouse and was actively throwing items at the police

inside.  They were throwing mortars, fireworks, glass bottles, water bottles, rocks, and other

items.  The crowd was throwing the fireworks and mortars inside of the courthouse through a

broken glass door.  Due to the crowds aggressive, assaultive, and destructive behavior, at

approximately 11:51 p.m., PPB declared a riot.  PPB made multiple announcements ordering the

crowd to disperse before forming a police line in the vicinity of Third Street and Main Street to push the crowd to the west. The non-compliant crowd and the police response blocked roads and impeded the regular flow of traffic.

5.      On Friday, July 3, 2020, at approximately 1:00 a.m., Officer #1 was part of the police line that ran south to north, which was then in the vicinity of SW Broadway and SW Main Street. Officer #1 recognized subject LAURIELLE YVETTE AVILES from approximately one hour earlier when police pushed the crowd west near the intersection of SW Main and SW Third Streets. AVILES was using a long skateboard as a shield as officers advanced toward the crowd. As officers moved the crowd westward, AVLIES walked very slowly and occasionally stopped. She was in the middle of the street, which was open to vehicular traffic. Officer #1 attempted conduct a lawful arrest of a suspect (S1) who was standing with AVILES. S1 did not resist arrest, but AVILES attempted to forcibly un-arrest S1 by pulling S1 away from Officer #1. Officer #1 maintained a good grip on S1, so AVILES approached Officer #1 and punched him in the right side of his face. Officer #1 attempted to "bear hug" both AVILES and S1 to gain control, but both resisted and tried to pull away. Officer #1 lost control of AVILES, but was able to bring S1 to the ground and arrest S1.

6.      PPB Officer #2 was nearby when he saw a struggle taking place between Officer #1, S1, and AVILES. Officer #2 noted that AVILES was pushing officers and throwing punches as they tried to push her away. Officers created about a seven to ten-foot gap between them and her. AVILES then charged at officers, again trying to get to S1, who was on the ground, and

again AVILES was pushing police and attempting to punch them.  Officer #2 assisted and was able to conduct a lawful arrest of AVILES.

7.      AVILES was arrested under Oregon State law for Disorderly Conduct II (OR 166.025), Interfering with a Police Officer (OR 162.247), Assaulting a Public Safety Officer (OR 163.208), and Resisting Arrest (162.315).

## Conclusion

8.      Based on the foregoing, I have probable cause to believe that LAURIELLE YVETTE AVILES knowingly, willfully and intentionally obstructed, impeded, and interfered with police officers who were engaged in the lawful performance of their duties; all of these actions took place during a civil disorder that adversely affected interstate commerce in violation of 18 U.S.C. § 231(a)(3).  I therefore request that the Court issue a criminal complaint and arrest warrant for LAURIELLE YVETTE AVILES.

9.      Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Thomas S. Ratcliffe.  AUSAs Ratcliffe advised me that, in his opinion, the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

## Request for Sealing

10.      I respectfully request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because any disclosure of the information at

this time may endanger the life or physical safety of an individual, cause flight from prosecution,

or otherwise seriously jeopardize an investigation, including the planned arrest of the defendant.


/s/ **Rebecka Brown**
Rebecka Brown
Special Agent
Federal Bureau of Investigation


        Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone
at _7:44pm_ on September __4__, 2020.

HONORABLE JOLIE A. RUSSO
United States Magistrate Judge